IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Rodney Lucas, # 55730-056, | ) | Civil Action No. 1:19-2416-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Acting Warden A.W. Kellie, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 8) recommending that Mr. Lucas's petition be dismissed for lack of prosecution. For the reasons set forth below, the declines to adopt the R & R as the order of the Court and dismisses Mr. Lucas's petition without prejudice for lack of jurisdiction.

**I.   Background**

Mr. Lucas is an incarcerated person proceeding *pro se* who in 2012 was sentenced in the district court for the Eastern District of North Carolina for violation of 28 U.S.C. § 922(g)(1) and § 924(a)(2). (4:11-cr-0071-D-1 at Dkt. Nos. 48, 49.) He now petitions this Court to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255, arguing that the United States Supreme Court's ruling in *Rehaif v. United States*, 139 S.Ct. 2191 (2019) renders his conviction invalid. (Dkt. No. 1.)

**II.   Legal Standard**

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. **Discussion**

The Magistrate Judge ordered Mr. Lucas to notify the court if he wishes to continue with this case and pay the filing fee or submit Form AO240. Mr. Lucas did not object or otherwise respond to the R & R. The Magistrate Judge appropriately concluded that this matter is subject to *sua sponte* dismissal for lack of prosecution because Mr. Lucas did not respond to the September 4, 2019 proper form order. Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,'. . ."); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (district court's dismissal following failure to respond to a specific directive is not abuse of discretion).

The petition is also subject to dismissal for lack of jurisdiction. A prisoner in federal custody may attack the validity of his sentence pursuant to § 2255 by filing a motion with the court that imposed the sentence. 28 U.S.C. § 2255(a). This Court did not impose Mr. Lucas's sentence; the district court for the Eastern District of North Carolina is the appropriate venue to hear any § 2255 petition relating to that sentence.[1] This Court, therefore, lacks jurisdiction to hear the petition.

---

[1] It appears Mr. Lucas has recently petitioned the sentencing court in North Carolina. (4:11-cr-0071-D-1 at Dkt. No. 85.)

Even if this Court could reach the merits of a timely § 2255 petition not barred by § 2255(h), it would find as other courts have that the *Rehaif* holding is not directly applicable to attacking a sentence for felon in possession of a firearm or ammunition because, as the Supreme Court stated, "We express no view . . . about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue." 139 S.Ct. at 2200; *see also Waters v. United States*, No. 4:15-cr-158-BHH, No. 4:19-cv-4-BHH, 2019 WL 3495998, at *5 (D.S.C. Aug. 1, 2019) (denying § 2255 petition seeking to invalidate sentence of felon in possession of a firearm with *Rehaif* holding). Moreover, there is no indication that the *Rehaif* holding is retroactively applicable to invalidate an otherwise final conviction under § 922(g). *See, e.g.*, *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (noting that *Rehaif* did not announce a "new rule of constitutional law" as required by § 2255(h) and, even if it did, "it was not made retroactive to cases on collateral review by the Supreme Court"); *Dinkins v. United States*, No. 4:19-cv-01920-CAS, 2019 WL 3388030, at *2 n.4 (E.D. Mo. July 26, 2019) ("The Court notes that there is no indication that *Rehaif* [ ] was made retroactively applicable on collateral review.").

### IV. Conclusion

For the foregoing reasons, the Court declines to adopt the R & R as the order of the Court and **DISMISSES WITHOUT PREJUDICE** Mr. Lucas's petition brought under 28 U.S.C. § 2255.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

October 17, 2019
Charleston, South Carolina